UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RAYMOND A. NICKLIN JR )
)
_____ )
)
_____ ) CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. ) NO. 24-CV-1133
)
COSTCO Wholesale Corp. )
)
_____ )
)
_____ )
(Name of the defendant or defendants) )

FILED
APR - 3 2024
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. Plaintiff ☒ DOES ☐ DOES NOT demand a jury trial.

### I. PARTIES

2. The plaintiff is RAYMOND A. NICKLIN JR.,

whose street address is 216 SANDYSHORES DR.,

(city) Chillicothe (state) IL (ZIP) 61523

(Plaintiff's telephone number) (309) - 251-1812

3. The defendant is COSTCO Wholesale Corp., whose

street address is 301 W. WASHINGTON ST,

(city) EAST PEORIA (state) IL (ZIP) 61611

(Defendant's telephone number) (309) - 427-2930

4. The alleged discrimination occurred at COSTCO Wholesale Corp.

(city) EAST PEORIA (state) IL (ZIP) 61611

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __OCT__, (day) _____, (year) __2018__.

## II. JURISDICTION

7. Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

    ☒ Age (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

    ☐ Color (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

    ☒ Disability (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

    ☐ National Origin (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

    ☒ Race (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

    ☐ Race (42 U.S.C. § 1981)

    ☐ Religion (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

    ☐ Sex/Gender (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

    ☐ Sex/Gender (Equal Pay Act, 29 U.S.C. § 206)

    ☐ Use of Leave (Family and Medical Leave Act, 29 U.S.C. § 2611)

    ☒ Other (list): __RETALIATION__

8. Plaintiff ☒ HAS ☐ HAS NOT filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

9. Plaintiff ☒ HAS ☐ HAS NOT filed a charge before the Illinois Department of Human Rights (IDHR) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

10. Plaintiff ☒ HAS ☐ HAS NOT received a Right to Sue Notice. If yes, Plaintiff's Right to Sue Notice was received on or about (date) __1-23-2024__.

    **[Attach copy of Notice of Right to Sue to this complaint.]**

    ### III. FACTS IN SUPPORT OF CLAIM

11. The defendant intentionally discriminated against Plaintiff [*check only those that apply*]:

    (a) ☐  by failing to hire the plaintiff.

    (b) ☒  by terminating the plaintiff's employment.

    (c) ☐  by failing to promote the plaintiff.

    (d) ☒  by failing to stop harassment;

    (e) ☐  by failing to reasonably accommodate the plaintiff's disabilities.

    (f) ☐  by failing to reasonably accommodate the plaintiff's religion.

    (g) ☒  by retaliating against the plaintiff because the plaintiff did something to assert rights protected by the laws;

    (h) ☒  by coercing, intimidating, threatening or interfering with the plaintiff's exercise or enjoyment of rights;

    (i) ☐  with respect to the compensation, terms, conditions, or privileges of employment;

    (j) ☐  other (specify): _____

    _____
    _____
    _____
    _____
    _____

12. State here briefly and as clearly as possible the essential facts of your claim. Describe precisely how each defendant in this action is involved. Give dates and places. Concentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights. It is not necessary to make legal arguments or cite any cases or statutes.

See Attached Essential Facts of my case
3 pages

13. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): Remove Termination

4

letter and Any All evidence pertaining to termination from All files pertaining to Raymond A. Nicklin Jr

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

*Raymond A Nicklin Jr*
(Plaintiff's signature)

RAYMOND A NICKLIN JR
(Plaintiff's name)

216 SANDyshores DR.

(Plaintiff's street address)

(City) Chillicothe  (State) IL  (ZIP) 61523

(Plaintiff's telephone number) (305) – 251-1812

Date: _____

## Essential Facts of my Case

October 2012-I started at Costco as the receiving forklift driver with over 35 years of experience in warehousing operations. Was trained by another Costco employee with over 20 years' experience in Costco receiving procedures.

Starting in August of 2015, I complained to Costco warehouse manager Dan Iaquinta, East Peoria, IL location, on several occasions concerning verbal harassment by Eduardo Castro and Eric Corona. Both employees are Hispanic and Ray is white. On August 10, 2015, had confrontation and harassed by Eduardo concerning I was doing receiving incorrectly. Informed manager Aaron Sergeant of the harassment and reported the incident to Dan.

On January 14, 2016, had confrontation with Eduardo on receiving dock as he did not want to help with receiving duties. Eduardo told Aaron to have somebody else help me as he was going to the floor. Aaron asked Eduardo why and he replied I need to. On January 16, 2016, was called into office by Dan and was verbally harassed, intimidated, and threatened with my continued employment at Costco concerning a letter I put into Dan's mailbox from a member who made complaint against Eduardo for rude behavior and being disrespectful. Dan told me if I proceeded with complaint "I would not like the outcome." Dan did not investigate or call the member. On January 27, 2016, was harassed and yelled at by Eric and Eduardo for stacking water's too high. I informed staff manager Jacob Norton of the harassment, and he stated I was stacking water pallets per Costco policy.

In February 2016 a job was posted for receiving forklift driver. I did not bid on this job as I was already receiving forklift driver. Eduardo was awarded the forklift position. My reviews from 2012 through 2015 clearly shows me as the receiving forklift driver per Costco. On February 23, 2016, I was harassed and confronted by Eduardo concerning forklift receiving duties. Eduardo stated he was the receiving forklift driver. I met with Dan concerning this and he stated that I was receiving clerk and that he was "going to take care of his 24-year employee" meaning Eduardo.

On February 24, 2016, I reported an on-the-job injury to management. Eduardo laughed at my injury and stated, "you're hanging yourself back here on dock." I informed Dan of this verbal harassment by Eduardo and Dan stated, "let it go." Dan failed to talk with Eduardo and myself about this incident. Costco management placed me on light duty answering the phone in receiving on February 24, 25, and partial day 26th 2016. On February 26, 2016, I was sent home

by Ryan Taylor per Dan's instructions because of my on-the-job injury. Dan made attempts to move me out of receiving so he could put Eduardo in receiving and has stated on multiple occasions that he felt Eduardo was better qualified in receiving than myself. Dan offered me position as return to vendor clerk and I turned the offer down. After two weeks since Eduardo and I could not work together in receiving Eduardo was moved to the return to vendor clerk position and I continued as the receiving forklift driver.

On March 29, 2016, I met with Dan and Jacob to discuss VA health issues. On June 22, 2016, I was given FLMA paperwork by Dan that I did not request or need. On July 11 and July 13, 2016, I supplied medical documentation to Dan that stated my only restriction was no night driving. My normal working hours were between 4:00 AM to 12:30 PM and that I could operate machinery during my current working hours. Was informed by Dan on July 12, 2016, I could not operate any machinery in receiving department because of my medication July 12, 2016, to August 11, 2016. Eduardo to fulfill receiving duties per Dan. On October 4, 2016, was harassed and yelled at by Dan, stating that my medical condition was a threat to my job.

Have been called old fart, grandpa, and senior citizen by Mike (former meat manager) and Chris (manager) who wanted my job after I retire. I raised many safety concerns on numerous occasions to Dan and representatives of the safety committee concerning pallets being stacked too high on the dock and employees texting on the phone while working on the floor. Sent e-mail to Dan and again received no response.

On October 14, 2018, Eric Corona supplied Dan with a statement concerning Ray. Eric made a false and malicious statement, and an investigation was initiated by Dan. I was called into Dan's office on October 18, 2018, concerning the statement made by Eric, and to my knowledge Dan recorded this conversation without my permission. I was called into Dan's office again on October 19, 2018, and was called a liar three times by Dan. Dan raised his voice and at one point stated he was going to ask me to step out of office so he could "compose himself." I was disrespected, threatened, intimidated, harassed, with hostile actions towards me. I left office very upset, shaking, rapid heartbeat, and with the chest pains. I clocked out and went to emergency room complaining of chest pains and possible heart attack. I was placed in the hospital overnight for observation for my heart condition. Dan was aware of my medical issues.

On 10/22/18 I was issued an employee counseling notice suspending me from work effective 10/23/18 and will return when notified. Violations stated by Costco was serious misconduct, any conduct jeopardizing ability to perform job, and interfering with investigation. On 10/25/18 I was called to Costco and issued termination form from Dan for serious misconduct, anti-harassment/discrimination violation, and relationship jeopardizes job.

On 11/4/2018, I filed for unemployment compensation. On December 3, 2018, I received determination from Illinois Department of Unemployment stating that my actions which resulted in my discharge Was Not a violation of a reasonable rule or policy of the employing unit, therefore, was awarded benefits as my actions were done off site and off work hours.

Dan was biased in this investigation as I was not allowed to see statements made against me, nor interview witnesses, or allowed to present evidence on my behalf. This investigation was unfair, incomplete, as Dan failed to gather all pertinent information which would be considered evidence in the investigation. Dan's actions were related to my disability, age, race, and retaliation, therefore, was not able to show a legitimate reason for taking negative action against me. There was no procedural fairness towards me. In my 6 years employed at Costco all my yearly reviews are good and had no discipline in my file,P also had two letters of appreciation from outside vendors that management failed to consider in this termination. Eric's statement to Dan was based on my race and retaliation for making complaints against him to management.

Rec'd 1-23-24



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/22/2024

To: Mr. Raymond A. Nicklin
216 Sandyshores Dr
Chillicothe, IL 61523
Charge No: 21B-2019-01604

EEOC Representative and email:    JAIRO MARQUEZ
Investigator
Jairo.Marquez@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Thomas Colclough
01/22/2024

Thomas Colclough
Acting District Director

Cc:
Uma Chandrasekaran
233 S WACKER DR STE 8000
Chicago, IL 60606


Please retain this notice for your records.

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:
RAYMOND A. NICKLIN, JR.

          COMPLAINANT,

AND

COSTCO WHOLESALE CORPORATION

          RESPONDENT.

CHARGE NO. 2019SA2664
EEOC NO. N/A

## CORRECTED ORDER OF CLOSURE

Charge Number 2019SA2664 having been filed with the Department of Human Rights by Complainant against Respondent, and Complainant having submitted a written request to opt out of the investigation and the charge pursuant to the Department's Rules and Regulations;

NOW, THEREFORE, it is hereby ORDERED that Complainant's request to withdraw is approved and that Complainant's charge(s) be and the same is (are) closed.

ENTERED ON July 22, 2020

DEPARTMENT OF HUMAN RIGHTS

BY: *[signature]*

Brent A. Harzman, Manager
Charge Processing Division

OdrCls_woEEOC Rev. 03/06/2020

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss | |
| COUNTY OF COOK | ) | CHARGE NO. 2019SA2664 |

## AFFIDAVIT OF SERVICE

Joanna Szuba, deposes and states that s/he served a copy of the attached **CORRECTED ORDER OF CLOSURE** on each person named below by depositing the same on    July 22, 2020   , in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

---

For Complainant

Raymond Nicklin, Jr.
216 Sandy Shores Drive
Chillicothe, IL 61523

For Respondent

Rhandi C. Anderson
Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, IL 60606

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

*Joanna Szuba*

**PLEASE NOTE:**

The above-signed person is responsible only for **mailing** these documents. Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Raymond A Nicklin Jr
_____
Plaintiff(s)

v.                                       Civil Action No. 24-CV-1133

Costco Wholesale Corp.
_____
Defendant(s)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Costco Wholesale Corp.
301 W. Washington St
East Peoria, FL 61611

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 4-3-2024                           _____
                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc: